

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

*Nos. 25-11612 & 25-11821*
(Consolidated)

**BEAR WARRIORS UNITED, et al., ■Plaintiffs–Appellees,**

v.

**FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, et al., ■Defendants–Appellants.**

---

## REVISED AMICUS CURIAE BRIEF OF KATHLEEN S. SADOWSKI

*IN SUPPORT OF VESTED PROPERTY RIGHTS AND THE STATE OF FLORIDA'S POSITION*

(Filed with Motion for Leave to File Amicus Curiae Brief – resubmitted to supplement September 27, 2025 filing)

Submitted by:
**Kathleen S. Sadowski**
Amicus Curiae, Pro Se
54 Eagle Lake Drive
Flagler Beach, FL 32136
Phone: (386) 295-3915
Email: gavinpski@gmail.com

Filed: October 2025

---

*On Appeal from the United States District Court
for the Middle District of Florida, Case No. 6:22-cv-2048-CEM-LHP
Hon. Carlos E. Mendoza, District Judge*

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

Nos. 25-11612 & 25-11821

**BEAR WARRIORS UNITED, et al., Plaintiffs–Appellees,**

v.

**FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, et al., Defendants–Appellants**

AMICUS CURIAE BRIEF OF KATHLEEN SADOWSKI
IN SUPPORT OF VESTED PROPERTY RIGHTS AND THE STATE OF
FLORIDA'S POSITION

Submitted by:
Kathleen Sadowski
54 Eagle Lake Dr
Flagler Beach, FL 32136
Phone: 386-295-3915
Email: gavinpski@gmail.com

## Table of Contents

Interest of Amicus Curiae ............................................................. 1

Statement of the Case and Facts .................................................... 2

Summary of Argument .................................................................. 3

Argument ....................................................................................... 4

    I. Regulatory Burden on Property Rights ............................... 4

    II. Economic and Personal Hardship ...................................... 5

    III. The Need for Court Consideration ................................... 6

Conclusion ..................................................................................... 7

Certificate of Service ..................................................................... 8

**Interest of Amicus Curiae**

I, Kathleen Sadowski, am the owner of real property located at 1273 Maytown Road, Oak Hill, Florida. I obtained this property in May 2023 through an early inheritance for my husband, Brett Sadowski, from Marlene Sadowski, valued at approximately $104,000. My mother, who suffers from congestive heart failure, co-signed on the loan and sold stock to contribute to the down payment which needed to go directly into modular mortgage. It was her wish to spend her final years on this property. It was also intend...

**Statement of the Case and Facts**

The septic moratorium in the Northern Indian River Lagoon watershed was implemented to protect manatee habitat but has unintentionally and unfairly burdened property owners, preventing septic permits and blocking vested property rights. The moratorium is presently the subject of consolidated appeals before this Court (Nos. 25-11612 and 25-11821).

**Summary of Argument**

The septic moratorium deprives property owners of their reasonable investment-backed expectations and constitutes an unfair burden on those who purchased and improved on property before its enactment in reliance on government assurances. Relief is warranted under constitutional protections, statutory rights, and equitable principles. Specifically, the moratorium imposed on

new septic systems in the Northern Indian River Lagoon watershed, while intended to protect manatee habitat, has created an inordinat...

**Argument**

I. Regulatory Burden on Property Rights

The septic moratorium operates as a regulatory taking by depriving property owners of all reasonable use of their land. The Takings Clause of the Fifth Amendment, applied to the states through the Fourteenth Amendment, prohibits government from taking private property for public use without just compensation. Here, the moratorium prevents septic installation, effectively prohibiting construction of my home and rendering the property unusable for its intended residential purpose. Under Lucas v. South Caro...

II. Economic and Personal Hardship

The moratorium has created severe economic and personal hardship. Financially, it caused the loss of a scheduled mortgage closing after approval was obtained on July 9, 2025. Because the mortgage could not close, I must continue paying high rental and storage costs in Flagler Beach instead of living on my property in Oak Hill. This creates a continuing and unnecessary financial strain. The expenses since

2023 have been substantial: a culvert installation, land grooming, professional surveys and architect...

III. The Need for Court Consideration

While the moratorium may have been enacted with environmental objectives such as manatee habitat protection in the Northern Indian River Lagoon watershed, it should not disproportionately punish families who invested in reliance on prior assurances. Courts must balance legitimate public goals with the constitutional guarantee of private property rights. Reasonable alternatives exist that can protect the lagoon while allowing property owners to use their land. Modern 65-percent nitrogen-reduction septic s...

**Conclusion**

For the foregoing reasons, I respectfully urge this Court to recognize that the Indian River Lagoon septic moratorium, as applied, constitutes an inordinate and unconstitutional burden on vested property rights and to consider appropriate remedies or accommodations that allow reasonable use of property while upholding environmental standards.

Respectfully submitted,

/s/ Kathleen Sadowski

Kathleen Sadowski

54 Eagle Lake Dr

Flagler Beach, FL 32136

Phone: 386-295-3915

Email: gavinpski@gmail.com

Dated: October 7, 2025

**Certificate of Service**

I hereby certify that the original version of this Amicus Curiae Brief was completed on September 27, 2025, and that this corrected version is refiled and served on October 7, 2025, together with the Motion for Leave to File Amicus Curiae Brief Out of Time.

Matt Tripp

Bear Warriors United, Inc.

83 Geneva Drive

Oviedo, FL 32762

Counsel for Plaintiffs–Appellees

Alexis Lambert, Esq.

Florida Department of Environmental Protection

3900 Commonwealth Blvd.

Tallahassee, FL 32399

Counsel for Defendants–Appellants

/s/ *Kathleen Sadowski*

Kathleen Sadowski

Dated: October 7, 2025

Date: October 20, 2025

## Service Certification

I certify that on **October 20, 2025**, **I filed the original** of this **Certificate of Interested Persons and Corporate Disclosure Statement** with the **Clerk of the United States Court of Appeals for the Eleventh Circuit**, and that I **mailed copies by regular U.S. Mail, postage prepaid, to all other parties of record** at the addresses shown in the Certificate of Service.

/s/ Kathleen S. Sadowski
Date: October 20, 2025

*Kathleen Sadowski*

$14.140
US POSTAGE IMI
FIRST-CLASS
063S0010245495
FROM 17174

CERTIFIED MAIL

9589 0710 5270 0288 1540 03

Kathleen Sadowski
54 Eagle Lake Drive
Flagler Beach, Fl 32136

Clerk of Court
US Court of Appeals
For the 11th Circuit
56 Forsyth St NW
Atlanta, GA 30303

U.S. MARSHAL'S SERVICE
11th Circuit Court of Appeals