**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

For the Eleventh Circuit

---

No. 25-11612

---

BEAR WARRIORS UNITED, INC.,

*Plaintiff-Appellee,*

*versus*

SECRETARY, FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION,

*Defendant-Appellant.*

---

Appeals from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cv-02048-CEM-LHP

---

No. 25-11821

---

BEAR WARRIORS UNITED, INC.,
a Florida Not for Profit Corporation,

*Plaintiff-Appellee,*

*versus*

SECRETARY, FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION,

*Defendant-Appellant.*

---

Appeals from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cv-02048-CEM-LHP

---

Before BRANCH and GRANT, Circuit Judges, and DAMIAN,* District Judge.

PER CURIAM:

Bear Warriors United, Inc., sued the Secretary of the Florida Department of Environmental Protection (FDEP), alleging that the FDEP's wastewater regulatory scheme damaged manatee habitats in the North Indian River Lagoon and ultimately harmed manatees in violation of the Endangered Species Act. The district court granted judgment for Bear Warriors and issued its requested permanent injunction against FDEP. FDEP appealed.[1]

---

* Honorable Melissa Damian, United States District Judge for the Southern District of Florida, sitting by designation.

[1] FDEP filed two notices of appeal. The first, numbered 25-11612, designated the district court's judgment as the decision from which it appealed. FDEP filed the first notice of appeal before the district court entered the injunction requested by Bear Warriors. The second, numbered 25-11821, designated both the judgment and the district court's grant of an injunction as the

The Endangered Species Act makes it "unlawful for any person subject to the jurisdiction of the United States to . . . take any [endangered] species within the United States or the territorial sea of the United States." 16 U.S.C. § 1538(a)(1)(B). "The term 'take' means to harass, harm, pursue, hunt, shoot, wound, kill, trap, capture, or collect, or to attempt to engage in any such conduct." *Id.* § 1532(19). At the time of the district court's judgment, the applicable U.S. Fish and Wildlife Service regulations further defined "take" with a definition of "harm," defining "harm" as "an act which actually kills or injures wildlife. **Such act may include significant habitat modification or degradation** where it

---

decisions under appeal. We granted FDEP's motion to consolidate the appeals. But we also separately issued a jurisdictional question as to whether the first appeal was taken from a final order. We did so because we only have "jurisdiction of appeals from all final decisions of the district courts." 28 U.S.C. § 1291. Generally, "[a] final decision is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000) (quotation marks omitted). An order is not final if "assessment of damages or awarding of other relief remains to be resolved." *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744 (1976). But an outstanding dispute over attorney's fees will not preclude review of an otherwise final decision because that dispute is "collateral to . . . the decision on the merits." *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 199-202 (1988) (quotation omitted). Bear Warriors's requested injunctive relief was still pending in the district court when FDEP filed the first notice of appeal. Thus, the first notice of appeal was premature: we lack jurisdiction over appeal number 25-11612 and DISMISS it. But we do have jurisdiction over appeal number 25-11821, which appealed the judgment and injunction. Accordingly, our decision in this opinion applies to appeal number 25-11821.

actually kills or injures wildlife by significantly impairing essential behavioral patterns, including breeding, feeding or sheltering." 50 C.F.R. § 17.3 (prior to 2026 amendment) (emphasis added). In concluding that FDEP violated the Endangered Species Act, the district court relied on this definition of "harm."

While this appeal was pending, however, the U.S. Fish and Wildlife Service promulgated a new final rule rescinding the definition of harm on which the district court relied. *See* Rescinding the Definition of "Harm" Under the Endangered Species Act, 91 Fed. Reg. 43,300 (July 14, 2026) (to be codified at 50 C.F.R. pts. 17, 222). Accordingly, we vacate the judgment and injunction, and remand for the district court to evaluate what effect the new rule has on this case.[2]

**VACATED AND REMANDED.**

---

[2] We note that both parties agreed that it would be necessary for us to remand the case in the event of a new rule.